**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT PADUCAH**

**JOSEPH P. HUMPHREY**                                                                 **PLAINTIFF**

**v.**                                                           **CIVIL ACTION NO. 5:13CV-P89-R**

**FULTON CO. DETENTION CTR./MEDICAL** *et al.*                          **DEFENDANTS**

**MEMORANDUM OPINION**

Plaintiff Joseph P. Humphrey filed the instant *pro se* 42 U.S.C. § 1983 action proceeding *in forma pauperis*. This matter is before the Court on initial review of the action pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the Court will dismiss the action.

**I.**

Plaintiff's allegations concern his incarceration as a convicted inmate at the Fulton County Detention Center (FCDC). He has since been transferred to the Roederer Correctional Complex. He sues the following Defendants: "Fulton Co. Detention Ctr./Medical"; Ricky Parnell, the FCDC Jailer; Sheila, an FCDC nurse practitioner; Dr. Paulius, an FCDC doctor; and Jamie, an FCDC officer. He sues Defendants Parnell, Sheila, and Jamie in their official capacities only. He does not identify in what capacity he sues Defendant Paulius.

Plaintiff states that on March 22, 2013, he was sent to FCDC because of "[illegible] right incident at another facility" in violation of the Constitution and for "retaliatory reasons." Plaintiff avers that when he arrived at FCDC Defendant Jamie placed him in a pod "with two thin matt's that was to accomadate me staying in [illegible] pod, but yet already had 13 other men in a ten man cell." He states this violated his Eighth and Fourteenth Amendment rights. He reports that he is obese and has back problems, high blood pressure, gout, and rheumatoid arthritis. Plaintiff states that it "was unconstitutional that I had to sleep on the floor, that was

concrete, and very poor space to eat and very overcrowded." He contends that he should have had a bunk "due to me being a state prisoner and chronic back problems, high blood pressure, gout, etc. . . ." (Ellipses in original.) He states that he was transferred to Jefferson County on April 8, 2013. Plaintiff avers that Defendant Jamie also looked at his residence report sheet and said that "they wouldn't be able to classify me there either." He states that he waited until he was transferred to file his complaint out of fear of retaliation. Plaintiff also avers that he was one of three black inmates in a predominantly white cell and that white inmates made racist comments to him and made threats against him.

Plaintiff states that on March 25, 2013, he signed up for sick call at FCDC "to discuss [his] medical issues" and was charged $25.00. He avers that he was supposed to have seen the doctor at the Marshall County Jail "to review x-ray results, and discuss chronic backpain, and shortness of breath." He states, "it was asked if a medical override could be put in place," and Defendant Sheila "said no, there are inmates with heart problems and they aren't going to be transferred either." According to Plaintiff, Defendant Sheila "stated that I would have to live with chronic pain and there was not treatment that would be provided besides the antiinflammotory medicine for my gout I was taken." Plaintiff states that this was a violation of the Eighth and Fourteenth Amendments.

Plaintiff further avers that Defendant Paulius "also refused to treat me as well, and said there's nothing he can do." Plaintiff further states, "After coming to Lou. Jefferson Co. Jail it has still been giving me more problems. And it was said that it's athritic and have been trying to be treated with Ibuprofen, & Tylenol. Still to no avail."

Plaintiff contends the Defendant Parnell knows that the "jail is overcrowded and, and that I'm a controlled intake that must be transferred to D.O.C. has refused to transfer. Knowing that I've been locked down since 8-29-13 until 4-8-13 when transferred, and has refused to transfer, or put a medical override on me, as well as other inmates." He states this is a violation of his Eighth and Fourteenth Amendment rights.

Plaintiff also states that his Second Amendment rights were violated by the "racist dorm I was placed, knowing that I was transferred from a racist jail in the first place, which violated my First Amendment right, and this was the other jail, Marshall Co. Det. Ctr's way of getting rid of me because of 2nd Amendment right by speaking on it . . . ." He states that the Marshall County Jailer retaliated against him.

As relief, Plaintiff seeks compensatory and punitive damages.

## II.

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citing *Twombly*, 550 U.S. at 556).  "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true."  *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).  "But the district court need not accept a 'bare assertion of legal conclusions.'"  *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'  Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations."  *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).  And this Court is not required to create a claim for Plaintiff.  *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975).  To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party."  *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

4

**III.**

**A.    Official-capacity claims and claim against FCDC**

Plaintiff sues Defendants Parnell, Shelia, and Jamie in their official capacities only.  He also sues the "Fulton County Detention Center/Medical."  Plaintiff's official-capacity claims against Defendants Parnell, Shelia, and Jamie are actually against their employer, Fulton County. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  Moreover, FCDC is not a "person" subject to suit under § 1983 because municipal departments, such as jails, are not suable under § 1983. *Marbry v. Corr. Med. Servs.*, No. 99-6706, 2000 U.S. App. LEXIS 28072, at *2 (6th Cir. Nov. 6, 2000) (holding that a jail is not an entity subject to suit under § 1983).  In this situation, it is Fulton County that is the proper defendant.  *Smallwood v. Jefferson Cnty. Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990) (construing claims brought against the Jefferson County Government, the Jefferson County Fiscal Court, and the Jefferson County Judge Executive as claims against Jefferson County itself).  Further, Fulton County is a "person" for purposes of § 1983.  *See Monell v. New York City Dept. of Soc. Servs.*, 436 U.S. 658, 690 (1978).  The Court will therefore construe the official-capacity claims and the claim against FCDC as brought against Fulton County.

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues:  (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation.  *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992).  The Court will first determine whether Plaintiff's claims allege a constitutional violation to survive initial review under § 1915A.

### 1.	Denial of medical treatment

Plaintiff raises several claims regarding his medical care while incarcerated at FCDC between March 22, 2013, and April 8, 2013.  He states that he put in a sick call slip and was charged $25.00; that Defendants Sheila and Parnell turned down his request for a medical transfer; that Defendant Sheila stated that he would have to live with chronic pain and would only prescribe him anti-inflammatory medication; and that Defendant Paulius refused to treat him and said that there was nothing he could do.

"A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment."[1]  *Farmer v. Brennan*, 511 U.S. 825, 828 (1994).  In order for a claim to rise to the level of an Eighth Amendment violation, "a prison official must know of and disregard an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  *Id*. at 837-38.  Therefore, to prove a prison official is liable under the Eighth Amendment for denial of medical treatment, the prisoner must first demonstrate the existence of a "sufficiently serious" medical need.  *Miller v. Calhoun Cnty.*, 408 F.3d 803, 812 (6th Cir. 2005).  The prisoner must also demonstrate that the prison official subjectively possessed "'a sufficiently culpable state of mind in denying medical care.'"  *Id*. (quoting *Farmer*, 511 U.S. at 834).

---

[1]Plaintiff alleges violations of the Eighth and Fourteenth Amendment.  However, because Plaintiff was a convicted state inmate at the time of the facts alleged in the complaint, the Fourteenth Amendment does not apply.  Rather, the Eighth Amendment is the source of protection for convicted prisoners complaining of prison conditions.  *See Estelle v. Gamble*, 429 U.S. 97 (1976).

For the purposes of initial review, the Court will presume that Plaintiff has stated facts

concerning his medical needs which satisfy the objective component. The Court must then

determine if Plaintiff has stated facts to support the subjective component of a deliberate-

indifference claim, *i.e.*, "'a sufficiently culpable state of mind in denying medical care.'" *Miller*,

408 F.3d at 812 (quoting *Farmer*, 511 U.S. at 834). "[O]nly those deprivations denying 'the

minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an

Eighth Amendment violation." *Hudson*, 503 U.S. at 9 (citations omitted). "Where a prisoner

has received some medical attention and the dispute is over the adequacy of the treatment,

federal courts are generally reluctant to second guess medical judgments and to constitutionalize

claims which sound in state tort law." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976).

A court generally will not find deliberate indifference when some level of medical care has been

offered to the inmate. *Christy v. Robinson*, 216 F. Supp. 2d 398, 413-14 (D.N.J. 2002). Mere

disagreement over medical treatment cannot give rise to a constitutional claim of deliberate

indifference. *Durham v. Nu'Man*, 97 F.3d 862, 869 (6th Cir. 1996).

Based on Plaintiff's own assertions in the complaint, Plaintiff received some medical

treatment during his seventeen-day incarceration at FCDC. He put in a sick call request and was

seen by Defendant Nurse Practitioner Sheila and was prescribed anti-inflammatory medication.

He apparently wants instead to have received a medical transfer to another facility. However,

such disagreement constitutes a dispute over the adequacy of treatment, which does not give rise

to an Eighth Amendment deliberate-indifference claim. *Westlake*, 537 F.2d at 860 n.5.

Prisoners are not entitled to "unqualified access to health care." *Hudson*, 503 U.S. at 8. While

Plaintiff may disagree with the treatment offered, such disagreement does not amount to a

constitutional claim. Moreover, with regard to his request for a transfer, a prisoner has no

constitutional right to be incarcerated in a particular institution. *See Montanye v. Haymes*, 427

U.S. 236 (1976); *Meachum v. Fano*, 427 U.S. 215, 223-25 (1976); *Wilson v. Yaklich*, 148 F.3d

596, 601 (6th Cir. 1998); *Beard v. Livesay*, 798 F.2d 874 (6th Cir. 1986).

Furthermore, Plaintiff's allegation that he was charged $25.00 for his sick call request

also fails to state a constitutional claim. Prisons and jails are entitled to charge inmates for

necessities and medical care. *White v. Corr. Med. Servs.*, 94 F. App'x 262, 264 (6th Cir. 2004)

("It is constitutional to charge inmates a small fee for health care where indigent inmates are

guaranteed service regardless of ability to pay.").

Accordingly, Plaintiff's claim against Fulton County and his official-capacity claims

against Defendants Sheila and Parnell will be dismissed for failure to state a claim upon which

relief may be granted. Although Plaintiff does not state in which capacity he sues Defendant

Paulius, a claim against Paulius in either his individual or official capacity would be subject to

dismissal for the reasons stated, and the claim against Paulius is therefore dismissed for failure to

state a claim.

### 2. Overcrowded cell and sleeping on mat

Plaintiff states that he was placed in an overcrowded cell and had to sleep on two mats on

the floor during his seventeen-day incarceration at FCDC. Plaintiff's complaint that he was

required to sleep on a mat does not rise to the level of an Eighth Amendment violation. *See, e.g.*,

*Grissom v. Davis*, 55 F. App'x 756, 757-58 (6th Cir. 2003) ("Grissom neither alleged nor

presented any evidence that the seven-day mattress restriction deprived her of basic human needs

or caused her to suffer serious harm."); *Jones v. Toombs*, No. 95-1395, 1996 U.S. App. LEXIS

6545, at *1 (6th Cir. Feb. 15, 1996) ("The defendants did not violate Jones's Eighth Amendment rights by depriving him of a mattress for a two week period.") (citing *Schroeder v. Kaplan*, No. 93-17123, 1995 U.S. App. LEXIS 18915, at *2 (9th Cir. July 7, 1995) (requiring prisoner to sleep on floor for a four-week period without use of mattress does not violate the Eighth Amendment)). While Plaintiff states that he should not have been required to sleep on a mattress due to his back problems and other health problems, he does not allege that sleeping on mats during his seventeen-day incarceration at FCDC caused him to suffer serious harm.

Plaintiff also contends that he should have had a bunk because he is a state inmate. While state law may dictate the duration and circumstances under which a convicted inmate can be held in a county facility, an inmate does not enjoy a constitutional right to be housed in any particular facility. *See Harbin-Bey v. Rutter*, 420 F.3d 571, 576 (6th Cir. 2005); *Biliski v. Harborth*, 55 F.3d 160, 162 (5th Cir. 1995) (per curiam) (rejecting claim that being held in county facility was more disagreeable than if plaintiff had immediately been transferred to a state facility).

Therefore, Plaintiff's § 1983 claims against Defendants Jamie and Parnell in their official capacities in connection with the alleged conditions of his cell will be dismissed for failure to state a claim upon which relief may be granted.

### 3.    Dorm assignment

Plaintiff also states that he was assigned to a "racist dorm" by Defendant Jamie in violation of the Second Amendment and that other inmates made racist comments and threats against him. The Second Amendment to the U.S. Constitution provides, "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear

9

Arms, shall not be infringed." U.S. Const. amend. II. Plaintiff fails to explain how the Second Amendment applies to his claims. Based on the facts alleged, the Court does not discern any cognizable Second Amendment claim against Defendants.

Moreover, to the extent that he was subjected to racist remarks and threats, while reprehensible and not condoned, racial epithets, verbal harassment, and threats are insufficient to state a constitutional violation under § 1983. *See Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987); *Clark v. Turner*, No. 96-3265, 1996 U.S. App. LEXIS 33113, at *2 (6th Cir. Dec. 13, 1996) ("Verbal harassment or idle threats are generally not sufficient to constitute an invasion of an inmate's constitutional rights.").

Further, to the extent Plaintiff argues that placement in this dorm was retaliation in violation of the First Amendment, to state a retaliation claim, a plaintiff must show that: (1) he engaged in constitutionally protected conduct, (2) an adverse action was taken against him that would deter a person of ordinary firmness from continuing to engage in that conduct, and (3) there is a causal connection between elements (1) and (2), meaning that the adverse action was motivated at least in part by the plaintiff's protected conduct. *King v. Zamiara*, 680 F.3d 686, 694 (6th Cir. 2012) (citing *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999)). Plaintiff fails to allege that he was engaged in protected conduct or what that conduct may have been.

Additionally, to the extent Plaintiff seeks to allege a separate constitutional claim based on his assertion that he waited until after he was transferred to file this suit out of fear of retaliation, the claim would fail. Such claim would be based on a speculative fear of injury, not actual injury, and actual injury is required to assert a civil rights claim. *See Croney v. Fletcher*,

10

No. 07-CV-42-KKC, 2008 U.S. Dist. LEXIS 90, at *2 (E.D. Ky. Jan. 2, 2008) (citing *Valley Forge Christian Coll. v. Ams. United for Separation of Church and State*, 454 U.S. 464, 471 (1982)).

For these reasons, Plaintiff's § 1983 claim against Defendant Jaime in his official capacity based on his dorm assignment will be dismissed for failure to state a claim upon which relief may be granted.

**B.      Claims concerning Marshall County Jail**

Plaintiff also makes factual allegations concerning retaliation and denial of medical care during a previous incarceration at the Marshall County Jail. However, Plaintiff does not name any Marshall County Jail personnel as Defendants in this action. Accordingly, the Court does not construe this complaint as alleging claims against Marshall County Jail employees. This does not prevent Plaintiff from filing a separate civil action alleging such claims should he choose to do so.

**IV.**

For the foregoing reasons, the Court will dismiss the action by separate Order.

Date:

cc:      Plaintiff, *pro se*
4413.010